IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY LEO STUTSON | ) |
| | ) |
| v. | ) CV. NO. 99-CO-8005-S |
| | ) |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF DECISION

In August 1993 a superseding indictment was returned by the grand jury for the Northern District of Alabama in which Weatherly Stutson and her son, Anthony Leo Stutson, were charged with maintaining and directing a continuing criminal enterprise (CCE) in violation of Title 21 U.S.C. § 848. (Doc. #67, count one). In addition both Weatherly and Anthony were charged in nine counts alleging discrete violations of Title 21 U.S.C. § 841 or possession with the intent to distribute cocaine. (*Id.*, counts thirteen through twenty-one).[1] Mother and son were also charged with nine separate violations of 21 U.S.C. § 843(b), using communications devices and the U.S. mails to facilitate drug transactions.[2] In addition, sixteen defendants, including Weatherly and Anthony, were indicted for participation and extensive conspiracy to distribute and transport large quantities of illegal controlled substances from California to Alabama. (*Id.*, count two). Following a two month trial, Mr. Stutson and Weatherly Stutson were convicted of maintaining a continuing criminal enterprise, conspiracy, and substantive counts. Anthony Stutson was convicted of each of the nine counts of possession with the intent to distribute cocaine and eight counts of using communication devices to facilitate drug transactions. Both Weatherly and Anthony were also convicted of money laundering in violation of 18 U.S.C. § 1956. All

---

[1]  Weatherly Stutson was also charged with two additional violations of § 841 which did not include Anthony. (*Id.*, counts twenty-two and twenty-three).

[2]  Wealthy and Anthony Stutson were charged with Tanya Stutson in count thirty-one of the indictment.

thirteen of the defendants who went to trial, many of whom were family members, were convicted of criminal offenses including seven who were convicted only in the conspiracy count.[3] In an unpublished opinion the Eleventh Circuit Court of Appeals affirmed Mr. Stutson's CCE conviction, vacated the 21 U.S.C. § 846 conspiracy conviction of count two and a conviction of 18 U.S.C. § 924(c). The appellate court affirmed the convictions for the nine substantive distribution offenses and the seven convictions for violations of 21 U.S.C. § 843(b) and the money laundering count. During his trial Mr. Stutson was represented by Susan L. James. Ms James had initially been retained by Mr. Stutson and was later compensated under the Criminal Justice Act.

Mr. Stutson has filed a motion pursuant to the provisions of 28 U.S.C. § 2255 in which he seeks relief from the conviction and sentence. The underlying criminal proceeding was conducted before United States District Judge Edwin L. Nelson and reassigned to the undersigned. After consideration of the petition, the positions of the party and the record the motion for relief is due to be DENIED.

## THE CLAIMS

Mr. Stutson's claims are presented in a series of lengthy pleadings and submissions. (See e.g., docs. #1033, #1046, #1056, #1075, and #1150). While extensive Mr. Stutson's submissions are not always helpful in illuminating his claims.

"Ineffective Assistance of Counsel–Failure to File a Motion to Suppress"

The petition submitted by Mr. Stutson refers the court to a "Memorandum of Law" in support of the petition. Unfortunately the memorandum and the petition share few if any organizational similarities. Certain issues alluded to in the petition are not contained within the "Memorandum of

---

[3] Anthony and Weatherly Stutson were acquitted along with Tanya Stutson of an alleged violation of 21 U.S.C. § 843(b) set out in count thirty-one of the indictment.

2

Law" to which the court is directed. The twenty-two (22) pages of the memorandum which appear to relate to the testimony of "fact" witnesses refers to an ineffective assistance of counsel claim and concludes with the assertion that "... counsel's performance was deficient and constitutionally ineffective for failure to make herself familiar with the relevant facts and laws surrounding movant's case, where counsel failed to discover the applicable rule of law in already published legal material and apply it to movant's case by objecting or motioning the court to invoke the exclusionary rule of the illegally-obtained testimony of said witnesses, either before or during the trial, pursuant to Title 18 U.S.C. § 201(c)(2)." (Doc. #1003, attachment, p.31).[4] The Sixth Amendment issue seems to be that counsel failed to seek to bar testimony from any witness having entered entering into a plea and cooperation agreement with the government.

The government, apparently correctly, has interpreted Mr. Stutson's claim to be predicated upon the holding of a Tenth Circuit panel in *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998). In *Singleton* a panel of the Tenth Circuit had concluded that the government's practice of offering a co-conspirator a reduced sentence in exchange for testimony violated 18 U.S.C. § 201 on grounds that the enhancement was a "thing of value." The government in its response also observed that the Tenth Circuit sitting *en banc* reversed the initial panel opinion. *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999). The Eleventh Circuit unequivocally rejected the contention that 18 U.S.C. § 201(c)(2) is implicated in the practice of offering a reduced sentence in exchange for testimony. *United States v. Lowery,* 166 F.3d 1119 (11th Cir. 1999). In further reply to the Sixth Amendment aspect of Mr. Stutson's pleadings the government submitted the affidavit of Ms. James. She observed that at the time

---

[4]/   Moreover there were numerous motions to suppress evidence filed by attorneys joined by Mr. Stutson's counsel. (See, e.g., doc. #212, #297, #352, #437, and #496).

of trial Eleventh Circuit law was clear that § 201(c)(2) prohibited only awarding benefits for false testimony. *United States v. Moody*, 977 F.2d 1470, 1475 (11th Cir. 1992).[5] There can be no constitutionally deficient performance by counsel in not "discovering" a rule from another circuit in light of prevailing Eleventh Circuit precedent. Moreover, the *Singleton* holding upon which Mr. Stutson predicates his claim of error was short lived even in the Tenth Circuit from which it arose and fell.

Insufficient Evidence to Support CCE Conviction

Mr. Stutson begins by misperceiving the nature of 21 U.S.C. § 848 by concluding that sections a, b, c, d, and e of the statute are separate "offenses" that require individual identification of the subsection under which the defendant is "charged." He avers, for example, he should have been informed whether he was being charged under subsection "b" or "c." Subsection (b) merely establishes life imprisonment as a penalty for engaging in a continuing criminal enterprise. He claims he could have been "charged" in subsection "c" which would have alerted counsel to the need to file a motion of bill of particulars.[6] Subsection (c) merely defines the elements of the offense. The actual elements of the § 848 charge were specifically presented in the indictment. (Doc. #67). A person is considered

---

[5] In her affidavit Ms. James also refers to the assertion that she failed to "familiarize herself with the facts." Ms. James had previously represented Mr. Stutson in an earlier federal case before Judge Hancock (CR 92-H-094-S). The record in the instant case clearly demonstrates that as to the facts underlying the CCE conspiracy and distribution charges Ms. James was uniquely familiar with the case. She frequently acted as "lead" counsel among the fifteen lawyers representing the defendants when certain issues were discussed. The issue in the 2255 motion was predicated upon *Singleton*. If the claim was that Ms. James was not familiar with the facts, that claim is frivolous.

[6] Aspects of the claim are not merely misperceptions but clearly facially frivolous. Mr. Stutson asserts for example that had the government informed him that he would be "charged" with a "violation" of subsection (a) "... he could have filed a bill of particulars requesting a list of the targeted properties for forfeiture because of its use in a drug distribution entity." (Doc. #1033, p.7). The indictment specifically identified vehicles, real and personal property subject to forfeiture in thirty-three separate paragraphs. (Doc. #67, pp.3-7).

to have engaged in a continuing criminal enterprise if he violates any provision of 21 U.S.C. § 801, in the course of a continuing series of similar violations which is undertaken in concert with five or more other persons with respect to whom such persons occupies a position of organizer or manager or supervisor and these acts result in substantial income or resources. *United States v. Church*, 955 F.2d 688, 695 (11th Cir. 1992). These elements of the offense were clearly set out in the indictment. The cited "subsections" are not elements. Mr. Stutson's "sufficiency" claim based upon § 848(a)(b)(c)(d) and (e) is without merit.

Moreover, as the government has observed, the Eleventh Circuit Court of Appeals in affirming the petitioner's conviction specifically addressing the question of the sufficiency of the evidence. In addition to the testimony of more than seventy witnesses, notebooks seized during a search of Anthony Stutson's residence established that he was a supervisor of the operation and a director of personnel. The government's position at trial was that Mr. Stutson organized, managed and supervised at least ten and perhaps as many as twenty individuals. The jury was specifically charged that the government need prove beyond a reasonable doubt that Mr. Stutson was a supervisor. Mr. Stutson's claim was expressly addressed by the Eleventh Circuit. The record clearly establishes the requisite evidentiary support for the defendant's CCE conviction. Mr. Stutson is not entitled to relief on this claim.

"Denial of Due Process of Law

Mr. Stutson avers that he was denied due process when the district court failed to instruct the jury that "its verdict in relation to count one must be unanimous and counsel failed to request that a specific unanimity instruction be given." Mr. Stutson also suggests that failure to request a "specific unanimity instruction" was ineffective assistance of counsel. "Ordinarily it is not necessary to give a specific unanimity instruction unless (1) a count is extremely complex, (2) there is a variance between

the indictment and proof at trial, or (3) there is a tangible risk of jury confusion." *United States v. Sanderson*, 966 F.2d 184, 187 (6th Cir. 1992).

He also argues that the district court should have given a "specific unanimity" jury instruction, as to "...count one and/or the other counts of the indictment." (Doc. #1033, p.11). He states that "...the jury agreed that some prohibited acts were committed, but it is impossible to consider whether they all agreed as to which acts were performed." ( *Id*. at 12). In its simplest form Mr. Stutson's claim appeared to be that the district court failed to instruct the jury that their verdicts as to each defendant and each count must be unanimous. It that is the claim, Mr. Stutson is simply wrong. The district court charged the jury that

> A separate crime or offense is charged against one or more defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find any one or more of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other defendant. . . . Any verdict you reach in the jury room, whether guilty or not guilty, must unanimous. In other words, to return a verdict you must all agree. ...

(Trial Tr., Vol. 68, p.7-7498).

The court went on to state that

> We have prepared verdict forms for each defendant and for each charge which we request that you use to report your verdicts. We have put them I a binder so you can keep them together. The pages are numbered, and I don't know that any of you tried to figure out there are eighty-seven separate verdicts, that is, one verdict form for each defendant and each count in which that defendant is named. So you have to consider each one separately. You will take the verdict forms with you to the jury room, and when you have reached unanimous agreement, you will have the foreperson date and sign the appropriate part of the verdict form.

As an example of the verdict form the court noted that

> The first part reads: "We, the jury, find the defendant, ..." and I'm using the first one because it's convenient to do so, it's a verdict form for Weatherly Stutson on count one says: "We, the jury, find the defendant, Weatherly Stutson, not guilty as charged in count one of the indictment." If your verdict with regard to Weatherly Stutson under count one is not guilty you would use that part of the form, and your foreman would date that part and sign that part.
>
> If your verdict is guilty, you would skip that part and use the second which reads: "We, the jury, find the defendant, Weatherly Stutson, guilty as charged in count one of the indictment."

*Id*., 7499-7500.

There is no question that the district court charged the jury that any verdict must be unanimous and that that verdict must be considered separately as to both counts and defendants.

On July 12, 2004 Anthony Leo Stutson attempted to assert new and additional claims. In that pleading, however, he also referred to *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). A *Richardson* "claim" may be found in the elliptical language of Mr. Stutson's initial petition when he asserts that "... nor did the court make a *sua sponte* move on its own to instruct the jury that it must unanimously and specifically agree to (1) the identity of the three drug related offenses and the five persons movant acted in concert with the constitute the CCE offense."[7] (Doc. #1033, p.13). In *Richardson* the Supreme Court considered the validity of a jury charge approved in the Seventh Circuit with respect to continuing criminal enterprise cases which informed jurors that they "must unanimously agree that the defendant committed at least three federal narcotics offenses" while adding, "you do not ... have to agree as to the particular three or more federal narcotics offenses

---

[7] In *Richardson* the Supreme Court expressly held that a jury need not determine the persons the defendant supervises.

7

committed by the defendant." The indictment in *Richardson* consisted of only two counts, count two of which charged CCE by stating:

> "1. From in or about 1984 ... Eddie Richardson ... did engage in a continuing criminal enterprise by committing a continuing series of felony violations of § 841(a) of Title 21,
>
> 2. The continuing series of violations undertaken by the defendant [ ] *Richardson* include
>
>> a. From in or about 1984 through October 1991 ... *Richardson* ... knowingly and intentionally repeatedly distributed and caused to be distributed cocaine and cocaine base...
>>
>> b. From in or about 1984 through and including October 1991 ... *Richardson* ... knowingly and intentionally repeatedly distributed and caused to be distributed ...."

*Richardson*, 526 U.S. at 825, 119 S.Ct. at 1714.

No specific allegations of violations of § 841 were set out in the charging instrument.

The *Richardson* Court concluded that it "... must decide whether the statutes phrase 'series of violations' refers to one element, namely a 'series,' in respect to which the 'violations' constitute the underlying brute facts or means, or whether those words create several elements, namely the several 'violations,' in respect to *each* of which the jury must agree unanimously and separately. " *Richardson*, 526 U.S. at 815, 119 S.Ct. 1709. (emphasis in the original). The Supreme Court stated that "[... we] conclude that the statute requires unanimity in respect to the individual 'violation.' We leave to the Court of Appeals the question whether to engage in harmless-error, and if so, whether the error was harmless in this case." *Id*. at 823, 713. While Mr. Stutson has defined his claim in both substantive terms and as a claim of ineffective assistance of counsel, and argued the retroactivity of *Richardson* in light of *Teague v. Lane*, the exercise is unnecessary in that there is simply no *Richardson* error in the record. At its core the holding of the Supreme Court in *Richardson* was the unremarkable conclusion

that if the government alleges that substantive violations of law occurred as part of a continuing criminal enterprise, the jury must unanimously agree that at least three such violations occurred. In Mr. Stutson's case, unlike *Richardson*, the government specifically alleged in count one that:

> From between the early 1980's and the July, 1993
>
> WEALTHY STUTSON
>
> ...
>
> ANTHONY STUTSON
>
> did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise that the defendants WEALTHY STUTSON; ...; and ANTHONY STUTSON did
>
> 1. Unlawfully, knowingly and intentional violate felony provisions of Title 21, United States Code, <u>including but not limited to count two and counts 13 through 32</u> of the herein indictment, relating to: (emphasis added)
>
>> A. Conspiracy to possess with the intent to distribute and distribution of cocaine...
>>
>> B. Unlawful, knowing and intentional distribution of cocaine...
>>
>> C. Unlawful, knowing, and intentional use of a communication facility to facilitate the conspiracy to possess with the intent to distribute and possess with the intent to manufacture and manufacturing crack cocaine.
>
> 2. Undertake such series of violations in concert with five or more other persons with respect to whom Weatherly Stutson * * *; and Anthony Stutson did occupy a position of an organizer, supervisor and a manager; and
>
> 3. Obtain substantial income and resources from such series of violations.

(Superseding indictment, doc. #67, pp.1-3)).

Unlike the indictment in *Richardson*, Anthony and Wealthy [Weatherly] were alleged to have committed specific discrete felony offenses including conspiracy, possession with the intent to distribute and the unlawful use of communications devices to facilitate drug transactions. The jury found consistent with the trial court's instruction that the defendants were guilty of nine felony violations of Title 21 U.S.C. § 841.[8] Also consistent with the instructions of the district court the jury considered each defendant separately. Each of the counts thirteen through twenty-one expressly alleged discrete violations on separate days of Title 21 U.S.C. § 841. By individual verdict forms the defendants Wealthy (Weatherly) and Anthony Leo Stutson were convicted on

| | |
|---|---|
| count one: | Weatherly Stutson (doc. #596), Anthony Stutson (doc. #597) |
| count thirteen: | Weatherly Stutson (doc. #620), Anthony Stutson (doc. #622) |
| count fourteen: | Weatherly Stutson (doc. #623), Anthony Stutson (doc. #625) |
| count fifteen: | Weatherly Stutson (doc. #626), Anthony Stutson (doc. #628) |
| count sixteen: | Weatherly Stutson (doc. #629), Anthony Stutson (doc. #631) |
| count seventeen: | Weatherly Stutson (doc. #632), Anthony Stutson (doc. #634) |
| count eighteen: | Weatherly Stutson (doc. #635), Anthony Stutson (doc. #637) |
| count nineteen: | Weatherly Stutson (doc. #638), Anthony Stutson (doc. #640) |
| count twenty: | Weatherly Stutson (doc. #641), Anthony Stutson (doc. #643) |
| count twenty-one: | Weatherly Stutson (doc. #644), Anthony Stutson (doc. #646) |

The indictment and the court's charge required the jury to find "violations" of Title § 841 as set out in counts two and thirteen through thirty-two as specific predicates to a conviction on count one. There is simply no *Richardson* claim cognizable in Mr. Stutson's petition.

---

[8]/   Weatherly Stutson was convicted of eleven such counts. (Counts 22 and 23).

Moreover, when evaluating presumptively correct convictions on collateral habeas review, the harmless error inquiry for errors of constitutional dimension is "whether the error 'had substantial and injurious effect or influence in the jury's determining verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Where the jury convicts the defendant of no less than nine substantive counts of cocaine distribution, a count of conspiracy to distribute cocaine and eight counts of facilitating drug transactions, it is clear that the jury unanimously agreed beyond a reasonable doubt that the defendant committed at least seventeen major of the federal drug laws, any three of which are sufficient to establish the "continuing series of violations" under *Richardson* and § 848. The Eleventh Circuit has specifically concluded that the *Brecht* harmless error standard is appropriate for a federal court collateral review. In *Ross v. United States*, 289 F.3d 677 (11th Cir. 2002) the Eleventh Circuit determined that two conspiracy convictions "made up two of the three controlled substance offenses necessary to sustain [a] CCE conviction." The court went on to note that even in the absence of a third connected conviction in the trial "having conducted a close review of the record, we cannot conclude that the absence of a *Richardson* instruction had a substantial and injurious affect on the jury's verdict in the CCE charge. We have no doubt that the jury would have unanimously concluded that *Ross* committed a third connected controlled substance offense had a *Richardson* unanimity instruction been given." *Ross*, 289 F.3d at 682. *Ross* clearly supports the proposition that there is no *Richardson* error in Mr. Stutson's case in light of the indictment and the court's charge and the jury verdict forms employed in the Stutson trial. Mr. Stutson and his mother were convicted of nine violations of 21 U.S.C. § 841. *Richardson* requires no more. Mr. Stutson is entitled to no relief.

The Sentencing Claims – *Richardson, Apprendi* and *Blakely*

Following his conviction for maintaining and operating a continuing criminal enterprise, Mr. Stutson was sentenced to a term of life imprisonment pursuant to the provisions of 21 U.S.C. § 848(b). Mr. Stutson was also sentenced to a term of life imprisonment on counts thirteen through twenty-one which charged possession with the intent to distribute controlled substances. The life sentence on counts thirteen through twenty-one were imposed in part because of the government's compliance with 21 U.S.C. § 851. (Doc. #872, p.43).[9] During his sentencing Mr. Stutson conceded that he had been convicted in April of 1985 for felony possession with the intent to distribute cocaine in California. (Case A531866). Mr. Stutson also admitted that in January of 1986 he was convicted for felony possession with the intent to distribute heroin. (Case A533521). The § 851 information also charged Mr. Stutson's plea of guilty in 92-H-094-S in the Northern District of Alabama. (*Id.*) Mr. Stutson did not object to the introduction of certified copies of the convictions. (*Id.*, pp.41-42). For the purposes of federal sentencing guidelines the district court also found a base offense level of 38 by attributing to Mr. Stutson 38 kilograms of powder cocaine under 2D1.1(a)(3). Following adjustments for obstruction of justice, the district court concluded an offense level of 40 and a criminal history category of 6 which also resulted in a guideline term of imprisonment for life. (*Id.*, p.48). Based upon the CCE conviction, the career offender status of the defendant and the guidelines calculation, Mr. Stutson was sentenced to life imprisonment. (*Id.*, p.59). Mr. Stutson analysis of his entitlement to relief from his sentence begins with a faulty premise. He initially asserts that because he has established a *Richardson* violation, his CCE conviction is due to be vacated. He argues that because the conspiracy conviction

---

[9] THE COURT: Mr. Stutson, I'm not asking you to agree that they are valid convictions, I think the answer we've gotten, your lawyer has virtually admitted that you were in fact convicted on three occasions as set out in the information filed by the United States on October 12, 1993.
(Doc. #872, p.38).

was vacated his life sentence pursuant to 21 U.S.C. § 848 is void because the government may not rely upon the evidence of his involvement to attribute to him knowledge of controlled substances established by evidence of the company. As set out above, he simply wrong. The CCE sentence and conviction are not affected by *Richardson*. Mr. Stutson was also sentenced to a mandatory life term pursuant to the provisions of 21 U.S.C. § 841(b)(1)(A). That statute directs that a defendant who has two prior convictions for felony drug offenses and subsequently is convicted of possessing with the intent to distribute more than five kilograms of cocaine is subject to life imprisonment. In order to establish the legitimacy of those convictions, 21 U.S.C. § 851 provides that the government must file with the court an Information stating the previous convictions to be relied upon. There was no suggestion that the California convictions were related to the CCE conviction nor the discrete convictions in counts thirteen through thirty-two. The California convictions were separate in time and locale and requiring separate planning and execution. The life sentence of Mr. Stutson was properly imposed. See *United States v. Rice*, 43 F.3d 601, 607-08. The court's conclusion under U.S.S.G. § 4A1.2, that Mr. Stutson was a career offender under § 4B1.1 is equally supported by the record.

Mr. Stutson expressly did not challenge the calculation of the guidelines nor the method by which the attribution of 36 kilograms of cocaine was determined. The district court's findings were supported not only by government evidence of the conspiracy but by the nine substantive counts for which he was convicted. Mr. Stutson's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. After his 2255 petition was filed he attempted to belated assert an "*Apprendi*" and, later, a "*Blakely*" claim. Neither *Apprendi* nor *Blakely* are retroactive. As the government correctly argued, his *Apprendi* and *Blakely* claims do not relate back even to his initial § 2255 petition. See *United States v. Duncan*, ___ F.3d ___, 2005 W.L. 428414 (11th Cir. 2005).

In *McCoy v. United States*, 266 F.3d 1245, 1247 (11th Cir. 2001), *cert. denied,* ___ U.S. ___, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) the Eleventh Circuit Court of Appeals acknowledged that where the movant is bringing his first § 2255 motion, as here, *In re Joshua* does not apply because *Joshua* involved a successive § 2255. Nevertheless, the Eleventh Circuit Court of Appeals held that, under *Teague v. Lane*, 489 U.S. 288 (1989) *Apprendi* does not apply retroactively to cases in which the conviction became final before the *Apprendi* decision was released on June 29, 2000. See *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *Hamm v. United States*, 269 F.3d 1247 (2001), *cert. denied,* ___ U.S. ___, 122 S.Ct. 2375, 153 L.Ed.2d 194 (2002); *Kaufmann v. United States*, 282 F.3d 1336 (2002), ___ U.S. ___, 123 S.Ct. 287, 154 L.Ed.2d 127 (2002). The *Teague* bar applies even where, as here, the movant is bringing his first § 2255 motion. *Id*. Further, "the *Teague* bar applies without regard to the merits of the underlying claim." *Hamm*, 269 F.3d at 1250. Because petitioner's conviction became final no later than January 7, 1998 when the appellate court issued the mandate affirming Mr. Stutson's conviction and sentence, see *Hamm v. United States*, 269 F.3d at 1249, and, therefore, was final prior to the June 29, 2000 *Apprendi* decision, *Apprendi* does not apply retroactively to petitioner.[10] In the Sixth Amendment context, *Apprendi* could not have been anticipated in light of Eleventh Circuit precedent. *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001).[11]

---

[10]/ On March 28, 2005 Mr. Stutson filed yet another "amendment" to his multi-part § 2255 motion. While some ninety (90) pages in length the new submission adds nothing to the claims and does not alter the analysis of the merits. (See Doc. #1034).

[11]/ Prior to *Blakely*, the Circuit Courts of Appeals unanimously rejected the application of *Apprendi* to guideline factors, concluding that a guideline factor unrelated to statutory maximums need not be submitted to a jury. *United States v. Baltas*, 236 F.3d 27, 40-41 (1st Cir. 2001); *United States v. Williams*, 235 F.3d 858, 863-64 (3d Cir. 2000); *United States v. Angle*, 255 F.3d 514, 519 (4th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000); *United States v. Nance*, 236 F.3d 820, 826 (7th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000); *United States v. Hernandez-Guardado*, 228 F.3d, 1017, 1026-27 (9th Cir. 2000); *United States v. Heckard*, 238 F.3d 1235-36 (10th Cir. 2001); *United States v. Nealy*, 232 F.3d 825, 829 n.3 (11th Cir. 2000).

After consideration of the petition, the positions of the parties and the applicable law, Mr. Stutson's motion for relief pursuant to 28 U.S.C. § 2255 is due to be and the same is hereby DENIED in its entirety.

As to the foregoing it is SO ORDERED.

Done this 30th day of March 2005.

                                                      _____
                                                        L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE
                                                                         105854